UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA WEISS,
an individual,                                                                  Case No.:

      Plaintiff,
v.

NELNET GUARANTOR
SOLUTIONS, LLC,
a Florida limited liability company,

      Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, SARA WEISS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, NELNET GUARANTOR SOLUTIONS, LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurs in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Hillsborough County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

5. At all material times herein, Defendant, Nelnet Guarantor Solutions, LLC, is a Florida limited liability company with its principal place of business located at 121 South 13th Street, Suite 201, Lincoln, Nebraska, 68508, that, itself and through its subsidiaries, regularly services and attempts to collect student loan debt from consumers in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Plaintiff is an alleged "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(7).

7. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

8. At all material times herein, Defendant attempts to collect a third-party debt, specifically, a student loan debt allegedly owed by Christopher Severini (hereinafter, the "Debt").

9. At all material times herein, the Debt is a consumer debt, resulting from a transaction for goods or services incurred primarily for personal, household, or family purposes.

10. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(4); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

14. Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 813-XXX-1336 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15. Plaintiff owns, regularly uses, and possesses a Cellular Telephone with assigned number 813-XXX-1336.

16. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

17. Specifically, Plaintiff did not incur the Debt, did not owe the Debt, and her Cellular Telephone does not belong to Christopher Severini.

18. Also, each time Defendant left a voicemail on Plaintiff's Cellular Telephone—as detailed below—Defendant received actual knowledge that Plaintiff's Cellular Telephone does not belong to Christopher Severini, as Plaintiff's outgoing voicemail message clearly states Plaintiff's full name.

19. Further, if Defendant contends it possessed prior express consent, Plaintiff revoked such alleged consent during Plaintiff's August 5, 2016 telephone call with Defendant, when she demanded calls to Plaintiff's Cellular Telephone cease.

20. On or about April 18, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

21. Defendant made the immediately aforementioned call from telephone number 850.245.1842 and left a voicemail requesting Plaintiff return the call.

22. On or about May 4, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

23. Defendant made the immediately aforementioned call from telephone number 850.245.1940 and left a voicemail requesting Plaintiff return the call.

24. On or about May 19, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

25. Defendant made the immediately aforementioned call from telephone number 850.245.1835 and left a voicemail requesting Plaintiff return the call.

26. On or about June 7, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

27. Defendant made the immediately aforementioned call from telephone number 850.245.1940 and left a voicemail requesting Plaintiff return the call.

28. On or about June 21, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

29. Defendant made the immediately aforementioned call from telephone number 850.245.1940 and left a voicemail requesting Plaintiff return the call.

30. On or about July 1, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

31. Defendant made the immediately aforementioned call from telephone number

850.245.1840 and left a voicemail requesting Plaintiff return the call.

32. On or about July 19, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

33. Defendant made the immediately aforementioned call from telephone number 850.245.1840 and left a voicemail requesting Plaintiff return the call.

34. On or about August 3, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

35. Defendant made the immediately aforementioned call from telephone number 850.245.1840 and left a voicemail requesting Plaintiff return the call.

36. On or about August 5, 2016 Plaintiff called Defendant and advised she was not Christopher Severini, that the number Defendant called, Plaintiff's Cellular Telephone, belonged to a cell phone, and demanded Defendant's calls to her Cellular Telephone cease.

37. On or about August 18, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt despite Plaintiff's demands that the calls cease.

38. Due to both personal and professional commitments, Plaintiff asserts that the above-referenced calls are but a sub-set of the total calls she is aware of, and that each call caused stress, anxiety, and an inability to use her Cellular Telephone when Defendant made such calls. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

39. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that her demand that Defendant cease calling her Cellular Telephone was wholly ineffective, and that the frequent Debt

5

collection attempts, on a debt she does not owe, would simply have to be endured.

40. Plaintiff retained Undersigned Counsel for the purpose of pursing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

41. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

42. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

43. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

44. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

45. Defendant is subject to, and violated the provisions of, Florida Statues, Section 559.72(7) by attempting to collect a consumer Debt from Plaintiff through means which can

6

reasonably be expected to abuse or harass Plaintiff.

46. Specifically, Plaintiff did not incur the Debt, did not owe the Debt, and advised Defendant that it was calling a cellular telephone that did not belong to the person Defendant sought.

47. Further, Defendant did not possess Plaintiff's prior express consent to call her Cellular Telephone.

48. Notwithstanding, Defendant directly called Plaintiff's Cellular Telephone *at least* nine (9) times in an attempt to collect the Debt.

49. Defendant intended to abuse and harass Plaintiff into paying the Debt by leading Plaintiff to believe that despite Plaintiff not owing the Debt and advising Defendant of the same, Defendant's collection calls and voicemails would continue until Plaintiff or Christopher Severini satisfied the Debt.

50. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statues, Section 559.72(7).

51. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statues, Section 559.77.

### COUNT TWO:
### TELEPHONE CONSUMER PROTECTION ACT –
### VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

52. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system, a predictive telephone

7

dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

53. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

54. Further, if Defendant contends it possessed prior express consent, Plaintiff revoked such alleged consent the moment Plaintiff called Defendant on or about August 5, 2016 and demanded Defendant cease calling Plaintiff's Cellular Telephone.

55. Additionally, if Defendant contends the referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

56. Despite lacking Plaintiff's prior express consent, Defendant made *at least* nine (9) calls to Plaintiff's Cellular Telephone in its attempt to collect the Debt using an ATDS, PTDS, or APV.

57. Defendant's phone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of her Cellular Telephone service;

    b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under her cellular telephone service contract; and

    c. Stress, anxiety, loss of sleep, frustration, and confusion as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests and entry of:

    a.    Judgment against Defendant declaring that Defendant violated the FCCPA;

    b.    Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c.    Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA;

    d.    Judgment against Defendant declaring that Defendant violated the TCPA;

    e.    Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    f.    Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

    g.    Actual damages in an amount to be determined at trial;

    h.    Punitive damages in an amount to be determined at trial;

    i.    An award of attorneys' fees and costs; and

    j.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff herby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

    Respectfully submitted,

    **LEAVENLAW**

    /s/ *Aaron M. Swift*
    ☐ **Ian R. Leavengood, Esq., FBN 0010167**
    **[X] Aaron M. Swift, Esq., FBN 0093088**
    ☐ **Gregory H. Lercher, Esq., FBN 0106991**
    Northeast Professional Center
    3900 First Street North, Suite 100
    St. Petersburg, FL 33703
    Phone: (727) 327-3328
    Fax: (727) 327-3305
    consumerservice@leavenlaw.com
    aswift@leavenlaw.com
    glercher@leavenlaw.com
    *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA              )
                              )
COUNTY OF HILLSBOROUGH        )

Plaintiff SARA WEISS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
SARA WEISS

Subscribed and sworn to before me
this 11th day of APRIL, 2017.

_____
Notary Public

My Commission Expires: 02-25-19

Proof of I.D.: PERSONALLY KNOWN

FARZAANA N. STONE
MY COMMISSION # FF203870
EXPIRES February 25, 2019
(407) 398-0153   FloridaNotaryService.com

12